**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| GARRY DENSON ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. |
| ) | |
| ) | **JURY TRIAL REQUESTED** |
| STEAK n' SHAKE, INC. ) | |
| Serve: CSC-Lawyers Incorporating ) | |
| Service Company ) | |
| 221 Bolivar ) | |
| Jefferson City, MO 65101 ) | |
| ) | |
| Defendant ) | |

## COMPLAINT

COMES NOW Plaintiff Garry Denson ("Denson"), by and through his attorneys, Kaplan Associates, LLC, and for his Complaint against Steak N' Shake, Inc.("SNS") , states and alleges as follows:

### Facts Relevant to All Counts

1.     Denson is s resident and citizen of St. Charles County, Missouri.

2.     SNS is an Indiana corporation ("SNS") with its principal place of business in Indianapolis, Indiana and which also maintained business offices in the City of St. Louis, Missouri and has store locations throughout this judicial district

3.     Jurisdiction of this Court is based on 28 U.S.C, § 1331, in that this action arises under the Americans with Disabilities Act ("ADA"), 42 U.S.C.§§ 12111–12117.Jurisdiction is also conferred on this Court by 28 U.S.C. § 1332 as the parties are citizens of two different states and the amount in controversy exceeds $75,000.

{00033820.DOC}1

Jurisdiction is also based on Mo. Rev. Stat. § 287.780 (2000) by virtue of pendent jurisdiction.

4.      Venue in this Court is proper pursuant to 28 U.S.C. §1391(b), in that SNS resides in Indiana; Plaintiff resides within this district, and further because the events or omissions giving rise to the claim in this action first occurred in this district.

5.      Denson worked at an SNS store in St. Charles County, Missouri

6.      Denson was employed by SNS from October 2014 to February 2016.

7.      When Denson was hired by SNS in October 2014 he informed SNS that he had a disability involving his spine and hip. Additionally, Denson had rheumatoid arthritis.

8.      SNS accommodated Denson by allowing him to work a part time schedule and to sit when he was not actively serving customers or performing other work for SNS.

9.      In February 2015, Denson fell at work.

10.     In response to his fall his treating doctors recommended that he receive physical therapy.

11.     Physical therapy was not approved by SNS until October 2015.

12.     In February 2016 Denson was sent by doctors approved by SNS to receive an injection for his physical issues.

13.     In February 2016 Denson was taken off the schedule by SNS for a "safety evaluation".

14.     In February 2016 Denson filed for Workers Compensation under the laws of the State of Missouri.

15.     Denson has never been recalled to work by SNS.

{00033820.DOC}2

## COUNT I- ADA Violation

16.     Denson incorporates the allegations of Paragraphs 1-15 into this Count I of his Complaint.

17.     The ADA, 42 U.S.C. §§ 12101-12213, prohibits terminating an employee because of an actual or perceived disability.

18.     SNS terminated Denson because of his disability or perceived disability'

19.     As a direct result of SNS's conduct as described herein, Denson has suffered lost wages and benefits of employment.

20.     As a direct result of SNS's conduct as described herein, Denson has incurred attorneys' fees and costs of litigation.

21.     SNS's actions were intentional, willful, malicious and in reckless disregard of Denson's rights.

WHEREFORE, Denson prays that the Court enter judgment in his favor and against SNS, in an amount to be determined at trial, for his actual damages, including lost wages and benefits of employment, and interest thereon; for liquidated damages in an amount equal to Denson's lost wages and benefits of employment and interest thereon; for equitable relief, including reinstatement or front pay; for reasonable attorneys' fees and costs of litigation; and for such further relief as the Court deems just and proper.

## COUNT II-RETALIATION-Workers Compensation

22.     Denson incorporates by reference paragraphs 1-15.

23.     After Denson filed for Workers Compensation under the laws of the State of Missouri he was taken off work by SNS and not returned to work.

24.     SNS's actions by removing Denson from work was retaliation under Mo. Mo. Rev. Stat. § 287.780 (2000).

25.     Retaliation for Denson filing the Workers Compensation claim was a contributing cause for SNS removing Denson from the work place.

WHEREFORE, Denson prays that the Court enter judgment in his favor and against SNS, in an amount to be determined at trial, for his actual damages, including lost wages and benefits of employment, and interest thereon; for liquidated damages in an amount equal to Denson's lost wages and benefits of employment and interest thereon; for equitable relief, including reinstatement or front pay; for reasonable attorneys' fees and costs of litigation; and for such further relief as the Court deems just and proper.

Submitted by:

KAPLAN ASSOCIATES, LLC

By: */s/ Lawrence P. Kaplan*
Lawrence P. Kaplan, 19782MO
Susan Kister, 37328MO
101 South Hanley Road, Suite 1225
Saint Louis, MO 63105
lkaplan@ka-law.com
skister@ka-law.com
*Attorneys for Plaintiff*

{00033820.DOC}4