UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| GARRY DENSON, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:16 CV 1266 CDP |
| | ) | |
| STEAK 'N SHAKE, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

Plaintiff Gary Denson has brought suit against his former employer, Steak 'n Shake. In his complaint, Denson alleges Steak 'n Shake has discriminated against him because he is disabled in violation of the Americans with Disabilities Act and retaliated against him for exercising his rights under the Missouri Worker's Compensation statute. Steak 'n Shake has moved for summary judgment on both of Denson's claims. Steak 'n Shake argues Denson cannot establish a prima facie case of discrimination under the ADA. Steak 'n Shake also contends that because Denson failed to oppose its basis for summary judgment with regard to Denson's worker's compensation retaliation claim, he has waived his arguments as to that claim. I agree and will grant Steak 'n Shake's motion for summary judgment.

## I. Background[1]

In 2011, Denson underwent left hip replacement surgery and suffered lower back pain after slipping at a previous job. That same year, Dr. Paul Lux placed Denson on permanent restrictions of clerical and sedentary work and prohibited him from lifting any weight at all. In November 2014, Denson was hired as a fountain operator for Steak 'n Shake's O'Fallon, Missouri restaurant. Denson informed Steak 'n Shake that he had a disability because of hip and back problems and was limited to lifting a certain amount of weight, but did not disclose his permanent work restrictions.

Steak 'n Shake's job description for a fountain operator states that the position requires employees to: push and pull heavy objects; lift and carry 30 pounds; and stand, bend, stretch, and walk throughout the shift. Most of Denson's duties as a fountain operator – including cleaning, washing, stocking, and making milkshakes – required him to remain on his feet and lift items. The only assistance Denson requested was occasional help lifting milk bags into a milk dispenser and Steak 'n Shake accommodated his request.

In January 2015, Denson reinjured his hip, back, and leg when he slipped and fell on the job. Denson suffered a second fall a month later. In January 2016, Denson was examined by Dr. King, an orthopedic specialist, who placed lifting,

---

[1] Denson did not deny any of the facts listed in defendnat's Statement of Uncontroverted Material Facts [ECF #31] so those facts are deemed admitted. Local Rule 7-401(E).

walking and standing restrictions on him.  On February 5, 2016, Dr. King recommended that Denson should remain on Dr. Lux's permanent restrictions of clerical and sedentary activities because Denson had reached maximum improvement.  On February 10, 2016, Steak 'n Shake's Human Resources Manager removed Denson from the schedule for a safety evaluation.

After being removed from the schedule, Denson filed a claim for workers' compensation against Steak 'n Shake.  Denson also filed a Charge of Discrimination with the Equal Employment Opportunity Commission and the Missouri Human Rights Commission (MHRC).  In the Disability Questionnaire supporting his Charge of Discrimination, Denson claimed that Steak 'n Shake could have accommodated his disability by making him a host, dishroom or prep person.  In his deposition testimony, Denson states that he requested to work as a host at the O'Fallon restaurant, but he admitted that he knew that position and the dishroom position were already taken by other employees with disabilities.

Denson filed his complaint in this Court on September 19, 2016, claiming Steak 'n Shake discriminated against him because he was disabled and retaliated against him for exercising his rights under the Missouri Workers' Compensation statute.  Steak 'n Shake now moves the Court to grant summary judgment in its favor on Denson's claims.

## II. Summary Judgment Standard

The standards for summary judgment are well settled. In determining whether to grant a motion for summary judgment, the court views the facts – and any inferences from those facts – in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The movant bears the burden of establishing that (1) it is entitled to judgment as a matter of law and (2) there are no genuine issues of material fact. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the movant has met this burden, however, the non-moving party may not rest on the allegations in its pleadings but must, by affidavit and other evidence, set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e). Where a factual record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. *Matsushita*, 475 U.S. at 587. At the summary judgment stage, I will not weigh the evidence and decide the truth of the matter, but rather I need only determine if there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

## III. Discussion

### A. Count I – ADA violation

In Count I of the complaint, Denson maintains he was discriminated against because of his disability in violation of the ADA when Steak 'n Shake terminated his employment. Steak 'n Shake argues that summary judgment should be granted in its favor on Count I because Denson cannot establish a prima facie case of discrimination under the ADA. Specifically, Steak 'n Shake maintains Denson was not qualified to perform the essential functions of a fountain operator because, at the time he was removed from the schedule, he had medical restrictions to only perform sedentary and clerical work. In response, Denson asserts he was capable of performing the essential functions of a fountain operator and that Steak 'n Shake failed to accommodate him by offering him an alternative position at the O'Fallon restaurant or another location in the St. Louis metropolitan area.

"To establish a prima facie case of discrimination on the basis of a disability, a plaintiff must show that he (1) has a disability within the meaning of the ADA, (2) is a qualified individual under the ADA, and (3) suffered an adverse employment action as a result of the disability." *Kowitz v. Trinity Health*, 839 F.3d 742, 745 (8th Cir. 2016) (internal quotations omitted). "For an employee to be a qualified individual under the ADA, she must (1) possess the requisite skill, education, experience, and training for h[er] position, and (2) be able to perform

5

the essential job functions, with or without reasonable accommodation." *Id.* (internal quotations omitted). "Essential functions are the fundamental job duties of the employment position." *Walz v. Ameriprise Fin., Inc.*, 779 F.3d 842, 845 (8th Cir. 2015) (internal quotations omitted). The determination of whether an individual is qualified for purposes of the ADA should be made as of the time of the employment decision. *Browning v. Liberty Mut. Ins. Co.*, 178 F.3d 1043, 1047 (8th Cir. 1999).

To survive summary judgment, Denson must show he was able to perform the fundamental job duties of a fountain operator. This position required Denson to stand, walk, push, pull, and lift and carry objects over 30 pounds throughout his shift. Denson argues that because he was able to do his job as a fountain operator for two years, he has shown he was able to perform the essential functions of his job. He asks the Court to weigh his actual performance over the medical restrictions.

Denson's assurances and past performance, however, are insufficient to establish he was able to perform the essential functions of his job at the time he was removed from the schedule. Where a physician's medical restrictions are inapposite to the essential functions of a job, the employee's belief or opinion that she can do the function is simply irrelevant. *Alexander v. Northland Inn*, 321 F.3d 723, 727 (8th Cir. 2003). "The ADA does not require an employer to permit an

employee to perform a job function that the employee's physician has forbidden." *Id.*

Here, a few days before Denson was removed from the schedule, Dr. King confirmed Denson needed to remain on the permanent work restrictions of clerical/sedentary work imposed by Dr. Lux in 2011. Steak 'n Shake's job description of the fountain operator position confirms the position is not clerical or sedentary, but requires standing, walking, lifting, pulling, and carrying objects. In his deposition testimony, Denson admits Steak 'n Shake's job description of a fountain operator is accurate. Therefore, because Denson's medical restrictions were inapposite to the essential functions of his job, Steak 'n Shake was reasonably justified in relying on these restrictions as grounds for removing him from the schedule for a safety evaluation.

Denson next argues Steak 'n Shake failed to accommodate him by reassigning him to a different position. Specifically, Denson contends he could have been employed as a host, dishroom or prep person at Steak 'n Shake's O'Fallon restaurant or a different location in metropolitan St. Louis. The Eighth Circuit has recognized that reassignment may not be required of employers in every instance, but under certain circumstances, may be necessary as a reasonable accommodation. *Cravens v. Blue Cross & Blue Shield of Kansas City*, 214 F.3d 1011, 1018 (8th Cir. 2000). The scope of an employer's reassignment duty is

7

limited by certain constraints. *Id.* at 1019. For example, the position sought by the employee must be vacant. *Id.* An employer is not required to 'bump' another employee in order to reassign a disabled employee to that position." *Id.* In addition, the employee must be otherwise "qualified" for the reassignment position. *Id.* "To be considered qualified for this job, the individual must satisfy the legitimate prerequisites for that alternative position, and . . . be able to perform the essential functions of that position with or without reasonable accommodations . . . ." *Id.* (internal quotations omitted).

In this case, Denson alleges he requested to work as a host at the O'Fallon location. However, it is undisputed that the position was not vacant, but held by another person with a disability. As noted above, Steak 'n Shake was not required to reassign an existing worker to accommodate Denson. *Moritz v. Frontier Airlines, Inc.*, 147 F.3d 784, 788 (8th Cir. 1998). Moreover, to be qualified for reassignment as a host, dishroom or prep person, Denson had to be able to perform the essential functions of the job. Denson acknowledged that the three positions required employees to be on their feet most of the time and that his permanent medical restrictions forbade all but clerical or sedentary work. Because the host, dishroom and prep positions were not clerical or sedentary, there is no genuine issue of fact as to whether Denson was qualified to perform their essential

8

functions. Therefore, Denson cannot demonstrate that reassignment to any of these three positions would be a reasonable accommodation.

Accordingly, I find Denson cannot show that he is a qualified individual under the ADA and has not established a prima facie case of disability discrimination. *See Moritz*, 147 F.3d at788. Therefore, I will grant defendant's motion for summary judgment on Count I.

### B. Count II – Worker's Compensation Retaliation claim

In Count II, Denson alleges that Steak 'n Shake retaliated against him for the exercise of his rights under the Missouri Workers' Compensation statute. Steak 'n Shake maintains it is entitled to summary judgment on this claim because there is no temporal connection between the exercise of workers' compensation rights and the removal of Denson from the work schedule; and it had a non-pretextual legitimate reason for the removal. In Denson's response to the motion for summary judgment, he does not address any of Steak 'n Shake's arguments that it is entitled to summary judgment on Count II.

A party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials, but must set forth specific facts showing that there is a genuine issue for trial. *Satcher v. Univ. of Arkansas at Pine Bluff Bd. of Trustees*, 558 F.3d 731, 734–35 (8th Cir. 2009). It is not my responsibility to sift through the record to see if, perhaps, there was an issue of fact. *See Rodgers v.*

9

*City of Des Moines,* 435 F.3d 904, 908 (8th Cir. 2006). In addition to his failure to address Steak 'n Shake's arguments that it is entitled to summary judgment on Count II, Denson also fails to respond to any material fact related to his workers' compensation claim. Under Local Rule 7-4.01(E), "[a]ll matters set forth in the statement of the movant shall be deemed admitted for the purposes of summary judgment unless specifically controverted by the opposing party." *See also* Fed. R. Civ. P. 56(c). In addition, "failure to oppose a basis for summary judgment constitutes waiver of that argument." *Satcher*, 558 F.3d at 735. Accordingly, I find Denson has waived those arguments and I will grant Steak 'n Shake's motion for summary judgment on Count II.

**IT IS HEREBY ORDERED** that Steak 'n Shake's Motion for Summary Judgment [29] is **GRANTED**.

A separate Judgment is entered this date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 11th day of December, 2017.